IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSIE DUENAS, | : | CONSOLIDATED UNDER |
| | : | MDL 875 |
| | : | |
| Plaintiff, | : | Transferred from the |
| | : | Northern District of |
| v. | : | California |
| | : | (Case No. 12-00714) |
| | : | |
| GENERAL ELECTRIC COMPANY, | : | |
| ET AL., | : | E.D. PA CIVIL ACTION NO. |
| | : | 2:12-60040-ER |
| Defendants. | : | |

## O R D E R

**AND NOW,** this **28th** day of **January, 2014**, it is hereby

**ORDERED** that the Motion for Summary Judgment of Defendant

Huntington Ingalls (Doc. No. 43) is **GRANTED in part; DENIED in**

**part.**[1]

---

[1]   This case was transferred in February of 2012 from the United States District Court for the Northern District of California to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875.

Plaintiff Jessie Duenas alleges that he was exposed to asbestos, inter alia, while working for the Department of Defense as a boilermaker during the period 1974 to 1975. Defendant Huntington Ingalls, Inc. (f/k/a Northrop Grumman Shipbuilding, Inc., and hereinafter "Huntington Ingalls") built ships. The alleged exposure pertinent to Defendant Huntington Ingalls occurred during Mr. Duenas's work in 1975 aboard:

- USS Hunley (AS-31) (commissioned 1962)

Plaintiff brought claims against various defendants to recover damages for his asbestos-related illness. Defendant Huntington Ingalls has moved for summary judgment arguing that (1) it had no duty to warn Plaintiff about any of the hazards aboard the ship it built, (2) Plaintiff has no evidence of exposure for which Defendant is liable, and (3) it is immune from liability by way of the government contractor defense.

Defendant contends that California law applies. Plaintiff contends that either California or maritime law applies.

## I.  Legal Standard

### A.  Summary Judgment Standard

Summary judgment is appropriate if there no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

### B.  The Applicable Law

#### 1.  Government Contractor Defense (Federal Law)

Defendant's motion for summary judgment on the basis of the government contractor defense is governed by federal law. In matters of federal law, the MDL transferee court applies the law of the circuit where it sits, which in this case is the law of the U.S. Court of Appeals for the Third Circuit. Various Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F. Supp. 2d 358, 362-63 (E.D. Pa. 2009)(Robreno, J.).

2.    State Law Issues (Maritime versus State Law)

Defendant asserts that California law applies. Plaintiff asserts that either maritime law or California law applies. Where a case sounds in admiralty, application of a state's law (including a choice of law analysis under its choice of law rules) would be inappropriate. Gibbs ex rel. Gibbs v. Carnival Cruise Lines, 314 F.3d 125, 131-32 (3d Cir. 2002). Therefore, if the Court determines that maritime law is applicable, the analysis ends there and the Court is to apply maritime law. See id.

Whether maritime law is applicable is a threshold dispute that is a question of federal law, see U.S. Const. Art. III, § 2; 28 U.S.C. § 1333(1), and is therefore governed by the law of the circuit in which this MDL court sits. See Various Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009)(Robreno, J.). This court has previously set forth guidance on this issue. See Conner v. Alfa Laval, Inc., 799 F. Supp. 2d 455 (E.D. Pa. 2011)(Robreno, J.).

In order for maritime law to apply, a plaintiff's exposure underlying a products liability claim must meet both a locality test and a connection test. Id. at 463-66 (discussing Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995)). The locality test requires that the tort occur on navigable waters or, for injuries suffered on land, that the injury be caused by a vessel on navigable waters. Id. In assessing whether work was on "navigable waters" (i.e., was sea-based) it is important to note that work performed aboard a ship that is docked at the shipyard is sea-based work, performed on navigable waters. See Sisson v. Ruby, 497 U.S. 358 (1990). This Court has previously clarified that this includes work aboard a ship that is in "dry dock." See Deuber v. Asbestos Corp. Ltd., No. 10-78931, 2011 WL 6415339, at *1 n.1 (E.D. Pa. Dec. 2, 2011)(Robreno, J.)(applying maritime law to ship in "dry dock" for overhaul). By contrast, work performed in other areas of the shipyard or on a dock, (such as work performed at a machine shop in the shipyard, for example, as was the case with the Willis plaintiff discussed in Conner) is land-based work. The connection test requires that the incident could have "'a potentially disruptive impact on maritime commerce,'" and that "'the general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.'" Grubart, 513 U.S. at 534 (citing Sisson, 497 U.S. at 364, 365, and n.2).

3

Locality Test

If a service member in the Navy performed some work at shipyards (on land) or docks (on land) as opposed to onboard a ship on navigable waters (which includes a ship docked at the shipyard, and includes those in "dry dock"), "the locality test is satisfied as long as some portion of the asbestos exposure occurred on a vessel on navigable waters." Conner, 799 F. Supp. 2d at 466; Deuber, 2011 WL 6415339, at *1 n.1. If, however, the worker never sustained asbestos exposure onboard a vessel on navigable waters, then the locality test is not met and state law applies.

Connection Test

When a worker whose claims meet the locality test was primarily sea-based during the asbestos exposure, those claims will almost always meet the connection test necessary for the application of maritime law. Conner, 799 F. Supp. 2d at 467-69 (citing Grubart, 513 U.S. at 534). This is particularly true in cases in which the exposure has arisen as a result of work aboard Navy vessels, either by Navy personnel or shipyard workers. See id. But if the worker's exposure was primarily land-based, then, even if the claims could meet the locality test, they do not meet the connection test and state law (rather than maritime law) applies. Id.

It is undisputed that the alleged exposures pertinent to Defendant occurred aboard a ship. Therefore, these exposures were during sea-based work. See Conner, 799 F. Supp. 2d 455; Deuber, 2011 WL 6415339, at *1 n.1. Accordingly, maritime law is applicable to Plaintiff's claims against Defendant. See id. at 462-63.

C.   A Navy Ship Is Not a "Product"

This Court has held that a Navy ship is not a "product" for purposes of application of strict product liability law. Mack v. General Electric Co., 896 F. Supp. 2d 333, 345 (E.D. Pa. 2012) (Robreno, J.). As such, a shipbuilder defendant cannot face liability on a strict product liability claim. Id.

4

D.   Navy Shipbuilder Negligence Under Maritime Law

        This Court has held that a Navy ship builder owes a
plaintiff a duty of reasonable care under the circumstances.
Filer v. Foster Wheeler, LLC, No. 12-60034 (Order dated January
28, 2014)(Robreno, J.). Whether this duty has been breached is a
fact-driven analysis that must be considered on a case-by-case
basis. Id.

E.   Causation Under Maritime Law

        In order to establish causation for an asbestos claim
under maritime law, a plaintiff must show, for each defendant,
that, inter alia, he was exposed to asbestos for which the
defendant is liable such that the asbestos was a substantial
factor in causing the injury he suffered. Lindstrom v. A-C Prod.
Liab. Trust, 424 F.3d 488, 492 (6th Cir. 2005); citing Stark v.
Armstrong World Indus., Inc., 21 F. App'x 371, 375 (6th Cir.
2001). A mere showing that an asbestos product was present
somewhere at plaintiff's place of work is insufficient. Id.
Rather, the plaintiff must show "'a high enough level of exposure
that an inference that the asbestos was a substantial factor in
the injury is more than conjectural.'" Id. at 376 (quoting
Harbour, 1991 WL 65201, at *4).

F.   Government Contractor Defense

        To satisfy the government contractor defense, a
defendant must show that (1) the United States approved
reasonably precise specifications for the product at issue;
(2) the equipment conformed to those specifications; and (3) it
warned the United States about the dangers in the use of the
equipment that were known to it but not to the United States.
Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988). As
to the first and second prongs, in a failure to warn context, it
is not enough for defendant to show that a certain product design
conflicts with state law requiring warnings. In re Joint E. &
S.D.N.Y. Asbestos Litig., 897 F.2d 626, 630 (2d Cir. 1990).
Rather, the defendant must show that the government "issued
reasonably precise specifications covering warnings-
specifications that reflect a considered judgment about the
warnings at issue." Hagen v. Benjamin Foster Co., 739 F. Supp. 2d
770, 783 (E.D. Pa. 2010)(Robreno, J.)(citing Holdren v. Buffalo
Pumps, Inc., 614 F. Supp. 2d 129, 143 (D. Mass. 2009)).
Government approval of warnings must "transcend rubber stamping"
to allow a defendant to be shielded from state law liability. 739

F. Supp. 2d at 783. This Court has previously cited to the case
of Beaver Valley Power Co. v. Nat'l Engineering & Contracting
Co., 883 F.2d 1210, 1216 (3d Cir. 1989), for the proposition that
the third prong of the government contractor defense may be
established by showing that the government "knew as much or more
than the defendant contractor about the hazards" of the product.
See, e.g., Willis v. BW IP Int'l, Inc., 811 F. Supp. 2d 1146
(E.D. Pa. Aug. 29, 2011)(Robreno, J.); Dalton v. 3M Co., No. 10-
64604, 2011 WL 5881011, at *1 n.1 (E.D. Pa. Aug. 2, 2011)
(Robreno, J.). Although this case is persuasive, as it was
decided by the Court of Appeals for the Third Circuit, it is not
controlling law in this case because it applied Pennsylvania law.
Additionally, although it was decided subsequent to Boyle, the
Third Circuit neither relied upon, nor cited to, Boyle.

G.   Government Contractor Defense at Summary Judgment Stage

          This Court has noted that, at the summary judgment
stage, a defendant asserting the government contractor defense
has the burden of showing the absence of a genuine dispute as to
any material fact regarding whether it is entitled to the
government contractor defense. Compare Willis, 811 F. Supp. 2d at
1157 (addressing defendant's burden at the summary judgment
stage), with Hagen, 739 F. Supp. 2d 770 (addressing defendant's
burden when Plaintiff has moved to remand). In Willis, the MDL
Court found that defendants had not proven the absence of a
genuine dispute as to any material fact as to prong one of the
Boyle test since plaintiff had submitted affidavits controverting
defendants' affidavits as to whether the Navy issued reasonably
precise specifications as to warnings which were to be placed on
defendants' products. The MDL Court distinguished Willis from
Faddish v. General Electric Co., No. 09-70626, 2010 WL 4146108 at
*8-9 (E.D. Pa. Oct. 20, 2010)(Robreno, J.), where the plaintiffs
did not produce any evidence of their own to contradict
defendants' proofs. Ordinarily, because of the standard applied
at the summary judgment stage, defendants are not entitled to
summary judgment pursuant to the government contractor defense.

## II.  Defendant Huntington Ingalls's Motion for Summary Judgment

No Duty to Warn

          Huntington Ingalls argues that, as a shipbuilder, it
had no duty to warn Plaintiff about any of the hazards aboard the
USS Hunley, which it built.

_____

<u>Exposure / Causation</u>

Huntington Ingalls argues that Plaintiff has no evidence of asbestos exposure for which it is liable.

<u>Government Contractor Defense</u>

Huntington Ingalls asserts the government contractor defense, arguing that it is immune from liability in this case, and therefore entitled to summary judgment, because the Navy exercised discretion and approved reasonably precise specifications for the products at issue, Defendants provided warnings that conformed to the Navy's approved warnings, and the Navy knew about the hazards of asbestos. In asserting this defense, Huntington Ingalls relies upon the affidavit of Captain Wesley Charles Hewitt.

<u>Defendant's Objections to Plaintiff's Evidence</u>

In connection with its reply briefing, Defendant Huntington Ingalls has asserted over twenty (20) objections to Plaintiff's evidence, seeking to have portions stricken.

**B.   Plaintiff's Arguments**

<u>No Duty to Warn</u>

Plaintiff contends that Defendant owed him a duty of reasonable care under the circumstances, which included warning him of hazards aboard the <u>USS Hunley</u>. Plaintiff cites to testimony from expert Richard Cohen to support his assertion that the Defendant should have known (and most likely did know) of the hazards of asbestos at the time the ship at issue was built. (Pl. Ex. D, Doc. No. 62-4.)

<u>Exposure / Causation</u>

Plaintiff contends that he was exposed to asbestos from insulation aboard the <u>USS Hunley</u> and that Defendant is liable for injuries arising from this exposure. In support of his assertion that he has identified sufficient evidence to survive summary judgment, Plaintiff cites to numerous pieces of evidence, some of which are summarized herein in pertinent part:

—————————

•         <u>Declaration of Jessie Duenas</u>
        Mr. Duenas provides testimony that he was
        exposed to respirable dust from asbestos-
        containing insulation while aboard the <u>USS
        Hunley</u> in approximately 1975. He states that
        he did not see any warnings about asbestos
        aboard the ship.

        (Pl. Ex. A, Doc. No. 62-2.)

<u>Government Contractor Defense</u>

        Plaintiff argues that summary judgment in favor of
Defendant on grounds of the government contractor defense is not
warranted because there are genuine issues of material fact
regarding its availability to Defendant. In contradiction of the
evidence relied upon by Defendant, Plaintiff has attached (a)
MIL-M-15071D, and (b) SEANAV Instruction 6260.005, each of which
can be construed to indicate that the Navy explicitly permitted
(and perhaps even required) warnings.

<u>Defendant's Objections to Plaintiff's Evidence</u>

        Because Defendant's objections were submitted in
connection with its reply briefing, Plaintiff has not responded
to these objections.

      **C. Analysis**

<u>Defendant's Objections to Plaintiff's Evidence</u>

        As a preliminary matter, the Court notes that it has
reviewed Defendant's numerous objections. The Court need not
address each and every objection herein and instead notes only
that none of Defendant's objections that could be outcome-
determinative (i.e., that entitles Defendant to summary judgment)
has merit.

<u>No Duty to Warn</u>

        Huntington Ingalls argues that, as a shipbuilder, it
had no duty to warn Plaintiff about any of the hazards aboard the
<u>USS Hunley</u>, which it built. This Court has held that a Navy ship
is not a "product" for purposes of application of strict product
liability law. <u>Mack</u>, 896 F. Supp. 2d at 345. As such, a
shipbuilder defendant such as Huntington Ingalls cannot face

liability on a strict product liability claim. Id. Accordingly, summary judgment in favor of Defendant is warranted with respect to Plaintiff's claims against it sounding in strict product liability. Anderson, 477 U.S. at 248.

However, this Court has held that a Navy ship builder owes a plaintiff a duty of reasonable care under the circumstances. Filer v. Foster Wheeler, LLC, No. 12-60034 (Order dated January 28, 2014)(Robreno, J.). As such, a shipbuilder defendant such as Huntington Ingalls may be liable on a negligence claim if Plaintiff shows that its failure to warn about asbestos hazards on the ship was a breach of this duty that caused Plaintiff's illness. Whether this duty has been breached is a fact-driven analysis that must be considered on a case-by-case basis. Id.

The Court will next consider (in connection with Defendant's argument regarding the sufficiency of Plaintiff's evidence of asbestos exposure) Defendant's potential liability and/or entitlement to summary judgment with respect to Plaintiff's claims sounding in negligence.

Exposure / Causation

Defendant Huntington Ingalls argues that Plaintiff has no evidence of asbestos exposure for which it is liable. Plaintiff has presented evidence that he was exposed to respirable dust from asbestos-containing insulation aboard the USS Hunley. Plaintiff has presented evidence that Defendant should have known (and most likely did know) of the hazards of asbestos at all times relevant to this action, including at the time the ships were built. Plaintiff has presented undisputed evidence that Defendant did not warn about the hazards of asbestos insulation aboard this ship. A reasonable jury could conclude from the evidence that Defendant's failure to warn about the asbestos insulation it installed was a cause of Plaintiff's injury. See Conner, 842 F. Supp. 2d at 801; Lindstrom, 424 F.3d at 492. Accordingly, summary judgment in favor of Defendant is not warranted with respect to Plaintiff's negligence claims against it. Anderson, 477 U.S. at 248-50.

Government Contractor Defense

Plaintiff has included evidence that contradicts (or at least appears to be inconsistent with) Defendant's evidence as to whether the Navy did or did not reflect considered judgment over

9

E.D. Pa. No. 2:12-60040-ER       **AND IT IS SO ORDERED.**


_(signature)_
_____
**EDUARDO C. ROBRENO, J.**

---

whether warnings could be included with asbestos-containing
products. Specifically, Plaintiff has pointed to (a) MIL-M-
15071D, and (b) SEANAV Instruction 6260.005, each of which can be
construed to indicate that the Navy not only permitted but
expressly required warnings. This is sufficient to raise genuine
issues of material fact as to whether the first and second prongs
of the Boyle test are satisfied with respect to Defendant. See
Willis, 811 F. Supp. 2d 1146. Accordingly, summary judgment
on grounds of the government contractor defense is not warranted.
See Anderson, 477 U.S. at 248-50.

**D.   Conclusion**

        Defendant Huntington Ingalls is entitled to summary
judgment with respect to Plaintiff's strict product liability
claims because a Navy ship is not a "product" within the meaning
of strict product liability law.

        With respect to Plaintiff's remaining negligence-based
claims, Defendant Huntington Ingalls has not established that it
is entitled to summary judgment on any of the other bases it has
asserted. First, Defendant's assertion that it owed no duty to
Plaintiff is incorrect as a matter of law. Second, Defendant has
failed to identify the absence of a genuine dispute of material
fact with respect to Plaintiff's negligence claim, because
Plaintiff has identified sufficient evidence to support a finding
of negligence. Finally, Plaintiff has produced evidence to
controvert Defendant's proofs regarding the availability of
Defendant of the government contractor defense. Accordingly, with
respect to Plaintiff's negligence claims, summary judgment in
favor of Defendant Huntington Ingalls is not warranted.